**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSE REYES CUEVAS; JUAN JOSE FLORES,
*on behalf of themselves and all other similarly*
*situated individuals*,

                                           Plaintiffs,

                      v.                                8:25-CV-00981
                                                   (MAD/PJE)

ADON FARMS OPERATIONS, LLC;
ANTHONY GILBERT,

                                           Defendants.

---

**APPEARANCES:**                      **OF COUNSEL:**

Worker Justice Center of New York   ALANA L. ROTH, ESQ.
9 Main Street                         MAUREEN HUSSAIN, ESQ.
Kingston, New York 12401
&
1187 Culver Road                 OLIVIA POST RICH, ESQ.
Rochester, New York 14609
Attorneys for Plaintiff

Coughlin, Gerhart Law Firm      JOSEPH J. STEFLIK , JR., ESQ.
Binghamton Office                CANDICE GELLER, ESQ.
P.O. Box 2039
99 Corporate Drive
Binghamton, New York 13902-2039
Attorneys for Defendants

**PAUL J. EVANGELISTA**
**United States Magistrate Judge**

### MEMORANDUM-DECISION & ORDER

Plaintiff Jose Reyes Cuevas seeks a protective order pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.")  26(c) directing that his deposition be conducted remotely.  Defendants oppose the request and contend that plaintiff should be required to appear in person in New York for deposition.  After considering the parties'

1

submissions and hearing arguments, the Court finds that plaintiffs have demonstrated good cause for the requested relief; therefore, plaintiffs' motion for a protective order is granted.

## I.     DISCUSSION

As a general rule, a plaintiff will be required to make himself available for a deposition in the forum where he brought suit. *See Packard v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) (citing *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011)). "However, this is not an absolute rule, and courts must strive to achieve a balance between claims of prejudice and those of hardship." *Id.* (internal quotation marks and citations omitted).

Rule 30(b)(4) expressly authorizes a court to order that a deposition be taken by remote means. Likewise, Fed. R. Civ. P. 26(c) permits the court, for good cause shown, to enter an order protecting a party from undue burden or expense. Whether to require an in-person or remote deposition lies within the court's broad discretion to manage discovery. "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition . . . , the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship . . . and conduct a careful weighing of the relevant facts." *Rouviere v. DePuy Orthopaedics, Inc.,* 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (quoting *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10-CV-01149 (DLI) (CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (citations & internal quotation marks omitted).

2

Here, plaintiffs have shown that requiring his personal appearance in New York would impose substantial burdens not present in the ordinary case. Plaintiff Reyes Cuevas currently resides in Mexico. *See* Dkt. No. 19 at 2. To travel to New York for a deposition, he would first need to obtain a visa permitting entry into the United States. *See id.* Plaintiff Reyes Cuevas has submitted evidence indicating significant delays in obtaining such appointments. *See* Dkt. No. 19-2. Even if a visa were obtained, plaintiff Reyes Cuevas would incur considerable travel expenses, lodging costs, and lost income associated with international travel. *See generally* Dkt. Nos. 19-3,19-4. Plaintiff Reyes Cuevas represents that he currently earns his livelihood as a taxi driver, and that the expenses associated with appearing in New York would be substantial relative to his financial circumstances.[1] *See* Dkt. No. 19 at 1. The Court finds that these burdens are concrete and significant rather than merely speculative or routine inconveniences.[2]

By contrast, defendants have not demonstrated that a remote deposition would materially impair their ability to defend this action. The Court does not discount defendants' contention that plaintiff Reyes Cuevas 's credibility is central to the claims and defenses in this action, nor their stated interest in observing plaintiff Reyes Cuevas' demeanor during examination. *See* Dkt. No. 23 at 2. Nevertheless, remote video technology now permits parties to observe witnesses in real time and has become a

---

[1] During the discovery conference counsel for defendants raised plaintiffs' confidential settlement demand as a factor the Court should weigh in the cost/resource analysis. The Court does not consider plaintiffs' confidential settlement demand to be part of plaintiffs' resources at this time.

[2] The Court is unpersuaded by defendants' reliance on *Arora v. Standard Chartered Bank*, No. 25-CV-4041 (JPC) (JW), 2026 WL 810387 (S.D.N.Y. Mar. 23, 2026), because in that case, unlike here, plaintiff's claims of hardship were unsupported. Cf. *Loh Xiao Han v. InterExchange, Inc.*, No. 1:23-CV-07786 (JLR), 2025 WL 3242321, at fn. 1 (S.D.N.Y. Apr. 7, 2025) (distinguishing cases based on failure to provide specific facts in support of hardship).

common feature of federal litigation. *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (Recognizing that demeanor of witness at deposition can be observed through videoconference).  Courts routinely conduct depositions, conferences, hearings, and even evidentiary proceedings through videoconferencing platforms. *See Alpha Cap. Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017) (Holding a deposition by videoconference is frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides).

While an in-person examination may offer some advantages, the Court is not persuaded that those advantages outweigh the substantial burdens identified by plaintiff. *See Floodbreak LLC v. T. Moriarty & Son, Inc.*, 754 F. Supp. 3d 330, 333 (E.D.N.Y. 2024) (finding unpersuasive [defendants'] argument that remote proceedings would prejudice its right to examine the [adverse party] in the usual way) citing *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020) (Deposition by video allows the party to view [the witness's] demeanor during questioning); *Rouviere,* 471 F. Supp. 3d at 574-76 (S.D.N.Y. 2020) (If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless).

The Court likewise finds defendants' concerns about possible off-camera communications or coaching to be addressable through appropriate safeguards.  These concerns are not unique to this case and, standing alone, do not justify denying the requested relief. *See In re Terrorist Attacks*, 337 F.R.D. at 579 (S.D.N.Y. 2020) (holding hypothetical witness coaching or obstruction plausibly arises during all remote depositions; however, remote depositions are presumptively valid under the Federal

Rules). Nor is the Court persuaded that the need for a Spanish interpreter requires an in-person deposition. Depositions with interpreters are routinely conducted remotely. Any logistical challenges associated with interpretation can be addressed through advance planning and appropriate deposition protocols. Defendants' raise prior dissatisfaction with the use of an interpreter at a mediation conference held in this case. However, the Court agrees with plaintiff Reyes Cuevas that depositions are more structured and commonplace than mediation conferences. A professional Spanish interpreter will be well-equipped to interpret in such a proceeding. Modern video conferencing technology will allow the interpreter to see and hear the witness and the questioner and to interpret as needed.

Balancing the competing considerations, the Court concludes that plaintiff has demonstrated good cause under Rule 26(c). The burden and expense associated with requiring plaintiff to travel internationally to New York for deposition substantially outweigh any prejudice defendants have identified from conducting the deposition remotely.

## II.    CONCLUSION

Wherefore, plaintiffs' request for a protective order, dkt. no. 19, is **GRANTED**. Plaintiff Jose Reyes Cuevas shall appear for deposition by videoconference at a mutually-agreeable date and time. The parties shall meet and confer regarding reasonable procedures governing the deposition, including interpreter arrangements, exhibit management, camera positioning, and safeguards designed to ensure that plaintiff testifies without improper assistance from third parties. If the parties are unable to agree on such procedures, they may seek further guidance from the Court. Plaintiffs

shall bear any costs associated with the remote deposition that would not otherwise have been incurred had the deposition been held in person in New York.

**IT IS SO ORDERED**.

Dated: June 23, 2026
      Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

6